10-4046-pr
Concepcion v. Pickles

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT:
> Roger J. Miner,
> Robert A. Katzmann,
> Susan L. Carney,
> > *Circuit Judges.*

_____

Miguel Concepcion,

> *Plaintiff-Appellant*,

> > v. 10-4046-pr

Robert Pickles, Physician, Oneida Correctional Facility,
Susan Connell, Superintendent, Oneida Correctional Facility,

> *Defendants-Appellees*.

_____

FOR APPELLANT: Miguel Concepcion, *pro se*, Staten Island, N.Y.

FOR APPELLEES: Martin Atwood Hotvet and Denise A. Hartman, Assistant Solicitors General, Barbara D. Underwood, Solicitor General, *of counsel*, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of

New York (Scullin, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Miguel Concepcion, proceeding *pro se*, appeals from the district court's judgment granting the defendants' summary judgment motion and dismissing his claim, brought pursuant to 42 U.S.C. § 1983, that the defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment [was] sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted a *de novo* review of the record, we affirm for substantially the same reasons stated in the magistrate judge's thorough and well-reasoned February 12, 2010, report and recommendation. The medical records demonstrate that Concepcion was not taking medication for his Human Immunodeficiency Virus (HIV) infection at the time that he was transferred to Oneida Correctional Facility and that he had not taken HIV medication

2

continuously since his incarceration began. While incarcerated at Oneida, his CD4 count was consistently monitored by Dr. Pickels, who promptly began treatment when it fell below 350 cells/mm3 in December 2006. Accordingly, Concepcion cannot demonstrate that Dr. Pickels acted with the requisite mental intent to show deliberate indifference, which requires that "the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Furthermore, Concepcion failed to demonstrate Superintendent Connell's personal involvement in the alleged constitutional violation because, while she had knowledge of the grievance, she could not have taken any further action since Dr. Pickels had already begun treatment for Concepcion's HIV infection.

We have considered all of Concepcion's arguments, including his contention that the district court improperly denied him discovery and improperly weighed evidence, and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3